UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| THE TRUSTEES OF THE COPPOLA FAMILY TRUST, FRANCIS FORD COPPOLA and ELEANOR COPPOLA, FRANCIS FORD COPPOLA PRESENTS, LLC, through its subsidiary, FRANCIS COPPOLA WINERY, LLC, and its predecessor-in-interest NIEBAUM-COPPOLA ESTATE WINERY, L.P.,<br><br>        Plaintiffs,<br><br>    vs.<br><br>CAVAS NAVERAN,<br><br>        Defendant. | CIVIL ACTION NO.  **1:10-cv-623**<br><br>**COMPLAINT FOR FEDERAL TRADE-MARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, FEDERAL UNFAIR COMPETITION, AND COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

### Introduction

1.      This case arises out of Defendant's copying and use of Plaintiffs' wine label designs to sell Defendant's competing wine.  Defendant's actions infringe Plaintiffs' copyrights and trademark rights.  Plaintiff The Trustees of the Coppola Family Trust and individual trustees Francis Ford Coppola and Eleanor Coppola, and their exclusive licensee, Francis Ford Coppola Presents, LLC, through its subsidiary, Francis Ford Coppola Winery, LLC, and its predecessor-in-interest Niebaum-Coppola Estate Winery, L.P. (jointly, "Plaintiffs" or "Coppola") seek damages for the harm caused by Defendant's previous harmful conduct and an injunction to stop Defendant from further infringements of Coppola's rights in the future.

**Parties**

2. Plaintiffs are a trust duly organized and existing under the laws of the State of California, with its principal place of business at 620 Airpark Road, Napa, California 94558, and exclusive licensees of the intellectual property rights owned by the trust, located at the same address, that sells and has sold a line of "Sofia" sparkling wines for more than ten years throughout the United States, including in Austin, Texas.  The individual plaintiffs Francis Ford Coppola and Eleanor Coppola are trustees of that trust.

3. Plaintiffs are informed and believe and thereon allege that Defendant Cavas Naveran ("Naveran") is, and at all times relevant hereto was, a winery organized in Spain with a business address at Ctra. C-15 ( Vilafranca a Igualada Km. 25.1 ) St. Martí Sadevesa, Torrelavit, Barcelona, Spain, which sells its wine products throughout the United States, including in Austin, Texas.

**Jurisdiction and Venue**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367, and 15 U.S.C. § 1121 as this action involves claims under the Lanham Act of 1946 and Copyright Act, 15 U.S.C. § 1051, *et seq*. and 17 U.S.C. § 101, *et seq*.  This Court has supplemental jurisdiction over the state law claims asserted herein under 28 U.S.C. § 1367 as such claims are part of the same case or controversy.

5. This Court has personal jurisdiction over Naveran and venue is proper in this judicial district under 28 U.S.C. § 1391 because, among other things, Naveran does business in this district and has engaged in statutory violations and other unlawful activities in this district that are causing substantial injury to Coppola in this district, and Naveran may be sued in this district.

**Factual Allegations**

**The "Sofia" Wines**

6. Coppola is a well-known producer of a number of critically acclaimed wines that are popular with wine drinkers throughout the world. Included among its labels is the "Sofia" line of wines, consisting of the sparkling wines "Sofia Blanc de Blancs," "Sofia Rosé," "Sofia Riesling," and "Sofia Mini Blanc de Blancs." The "Sofia" line of wines began as a gift from Francis Ford Coppola to his daughter, filmmaker, writer, and actress Sofia Coppola, and they were introduced to the market upon the occasion of Ms. Coppola's 1999 wedding. The Sofia wines are a tribute to the romantic, ebullient spirit of women everywhere.

7. Coppola has sold the Sofia wines continuously and throughout the United States. The Sofia wines are sold through retail stores, restaurants, over the Internet, and at Coppola's winery. Coppola's annual sales of Sofia wines have consistently totaled in the millions of dollars.

**Plaintiff's Sofia Trademarks and Trade Dress**

8. The "Sofia Blanc de Blancs" wine bottle bears a distinctive octagonal label, illustrated with an intricate and flowery design consisting of a wreath of vines heavy with grapes forming an incomplete circle, with an opening at the top. Inside the vine are the name of the wine, varietal, and vintage in a stylized font. The colors of the design are gentle, composed of muted grey, pink, ivory, and gold. The Sofia Rosé wine bears an almost identical label, with the primary difference being that the Sofia Rosé label is shaped as an oval rather than a rectangle. Together, these design elements of the Sofia Blanc de Blancs and Rosé wine labels constitute the famous and distinctive "Sofia Trade Dress." The Sofia Riesling label is a very close cousin to the Blanc de Blancs and Rosé, featuring many of the same trade dress elements against a

distinctive blue oval background.  Images of the "Sofia" Blanc de Blancs, Rosé, and Riesling wine bottles and labels are attached as **Exhibit A** hereto.

9. Coppola owns U.S. Federal Trademark Registration No. 3526536 for the "Sofia Blanc de Blancs" wine label design.  It owns U.S. Federal Trademark Registration No. 3526537 for the "Sofia Rosé" wine label design.  Copies of the Sofia Marks registrations are attached as **Exhibit B** hereto.

10. The distinctiveness of the Sofia Marks and Trade Dress is buttressed by their widespread secondary meaning in the marketplace.  Coppola has expended and continues to expend substantial time and effort in promoting the Sofia Marks and Trade Dress to identify itself as the source of the Sofia line of wines.  Coppola promotes the Sofia Marks and Trade Dress through the media and on its popular websites located on the World Wide Web at www.ffcpresents.com and www.franciscoppolawinery.com.

11. Moreover, over the years, the Sofia Marks and Trade Dress and the wines associated with those marks have also received widespread media coverage, with the Sofia wines featured in dozens of media articles and selected for numerous awards and recognitions.

12. As a result of Coppola's efforts, the Sofia Marks and Trade Dress have acquired secondary meaning in that the public has come to recognize Coppola as the exclusive source of the wines bearing those marks.  The Sofia Marks and Trade Dress Marks have become assets of substantial value and symbols of Coppola's good will.

**Plaintiff's Copyright Registrations**

13. Plaintiffs created the distinctive artwork and designs that comprise the Sofia Marks and labels, and owns all rights associated with said designs and labels.

14. Coppola has obtained a copyright registration for its "Blanc de Blancs" Label, which protection extends to its "Rosé" and "Riesling" Labels. Certificate of Registration No. VA - 1- 727-755 for that work is attached hereto as **Exhibit C**.

15. True and correct copy of the artwork for which Coppola obtained that copyright registration is attached as **Exhibit D**.

## Defendant's Unlawful Acts

16. In or about 2007, Defendant Naveran began selling in Spain a Rosé wine, named Perles Roses Naveran, and a white wine, named Perles Blanques Naveran (the "Naveran Wines").

17. The Perles Roses Naveran wine bottle bears a label that is a nearly identical copy of the Sofia Blanc de Blancs label. *See* images below.

| Sofia Blanc de Blancs | Perles Roses Naveran |
|---|---|
|  | |

18. The Perles Blanques Naveran wine bottles bears a label that also is a close copy of the Sofia Blanc de Blancs label. *See* images below.

| Sofia Blanc de Blancs | Perles Blanques Naveran |
|---|---|
| | |

19.     The Naveran labels are unauthorized copies of the copyright protected Sofia labels, Trade Dress, and federally registered Sofia Marks.

20.     Coppola is informed and believes that beginning in or about 2008, Naveran began selling the Naveran Wines in the United States, including in Austin, Texas.

21.     In or around May 2009, Coppola discovered Naveran's unauthorized copying and use of its labels, trade dress, and marks when it saw the Naveran Perles Roses wine for sale in Mexico.  In or around June 2009, Plaintiffs saw the wine for sale in Austin, Texas, at a retail chain of stores named "Central Market," and an employee of Central Market confirmed at that time that the Naveran Perles Roses wine was sold in each of their eight Texas locations.

22.     The Naveran Wines are sold to the public through retail wine stores at price points similar to those of the Sofia wines.

23.     Coppola wrote to Defendant Naveran on July 13, 2009, and brought Defendant's infringement to its attention.  Despite repeated communications, however, Naveran has refused to cease its infringing activities.

24.     Instead, Naveran twice sent images of allegedly "redesigned" labels for the Perles Roses wine, which remain confusingly and substantially similar to Coppola's copyrighted and

6

trademarked labels. True and correct images of Naveran's "redesigned" labels are attached as **Exhibit E**.

25. In a letter dated March 3, 2010, Naveran sent a new label for consideration. The new label uses the identical or nearly identical design elements of the previous labels, but the label is shaped as an oval or circle rather than as an octagon. This new label closely resembles the Sofia Rosé Label. *See* images below.

| Sofia Rosé | Perles Roses Naveran (New Design) |
|---|---|
| | |

26. Coppola wrote to Naveran on March 12, 2010, informing it that its "new" label infringes Coppola's rights in the Sofia labels, particularly in the Sofia Rosé Label, and that it must not use the label in the United States. In subsequent correspondence dated May 18, 2010, Naveran stated that it will not redesign the label again and that it will move forward with the label enclosed in the March 3 letter.

27. Because Plaintiffs' first use of the Sofia Marks and Trade Dress predates Defendant's first use of the Naveran Wines labels in the United States, the Sofia Marks and Trade Dress enjoy priority over any trademark and trade dress rights claimed by Naveran in its labels.

28. Moreover, the Naveran Labels are confusingly similar to the Sofia Marks and Trade Dress because they are similar in appearance and commercial impression, pursuant to 15 U.S.C. § 1052(d).

29.     On information and belief, Naveran deliberately adopted the Sofia Marks and Trade Dress with the intention of trading off the goodwill associated with the Sofia Marks and Trade Dress.  Naveran's copying of Coppola's distinctive Sofia Marks in an marketplace that has many similar wine bottles and wine labels, and its refusal to change its label so that it will not be confusingly similar to Coppola's, appears intentionally designed to cause confusion in the marketplace and to allow Naveran to free-ride all of the goodwill associated with Coppola's "Sofia" Marks.  Coppola believes that Naveran is thereby engaging in willful infringement.

30.     Given the goodwill and public recognition arising from the association of the Sofia Marks and Trade Dress with Coppola, Naveran's actions are likely to confuse the public as to the source of Naveran's wine and whether Naveran's wine is authorized by, or associated with, Coppola.

31.     To date, despite actual knowledge of Plaintiffs' prior and senior rights in and to its Sofia Marks and Trade Dress, Naveran continues to use the Sofia Marks and Trade Dress. This wrongful and willful use constitutes trademark infringement, trade dress infringement, and false designation of origin in violation of the Lanham Act.

32.     Defendant copied significant portions of Coppola's original designs, reducing the amount of distinction between Plaintiffs and Defendant and damaging Plaintiffs' ability to promote themselves, distinguish their wines from those of their competitors, and market their wines.  Plaintiffs believe their business has or will be damaged as a result.

## FIRST CLAIM FOR RELIEF

### Trademark Infringement under 15 U.S.C. § 1114

33.     Plaintiffs repeat and reallege the allegations of paragraphs 1–32 as if fully set forth herein.

34. Defendant's acts alleged herein constitute use of colorable imitations of Plaintiffs' federally registered Sofia Marks, in connection with the displaying, advertising and/or sale of unauthorized goods in commerce. These activities create a likelihood of confusion, mistake or deception as to the affiliation, connection or association of Defendant with Plaintiffs, or as to the origin, sponsorship or approval of Defendant's wines by Plaintiffs, in violation of 15 U.S.C. § 1114.

35. Defendant's acts alleged herein are without Plaintiffs' consent or authority.

36. Defendant's acts alleged herein were committed with full knowledge of Plaintiffs' rights, title and interest in the Sofia Marks, and were made with the willful intent to trade on the goodwill associated with those marks and to cause confusion, mistake or deception in the minds of the consuming public. Such acts have damaged, impaired and diluted that part of Plaintiffs' goodwill symbolized by its famous Sofia Marks, to Plaintiffs' detriment.

37. Defendant's use of the Naveran Wines Labels, which are confusingly similar to the Sofia Marks, constitutes trademark infringement in violation of 15 U.S.C. §§ 1114.

38. Defendant's wrongful conduct, unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to Plaintiffs.

39. Plaintiffs have no adequate remedy at law, and are entitled to injunctive relief prohibiting Defendant from using the Naveran Wines Labels, or any marks confusingly similar to the Sofia Marks in connection with Naveran's wines.

40. As a direct and proximate result of Defendant's trademark infringement, Plaintiffs have been damaged in an amount to be proven at trial.

41. The acts alleged herein constitute an exceptional case under 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF

## Trade Dress Infringement under 15 U.S.C. § 1125(a)

42.     Plaintiffs repeat and reallege the allegations of paragraphs 1-41 as if fully set forth herein.

43.     The Sofia Trade Dress is inherently distinctive and has acquired secondary meaning.

44.     The Sofia Trade Dress is non-functional.

45.     Defendant has infringed and will continue to infringe Plaintiff's Sofia Trade Dress by copying and incorporating the elements of that trade dress into its Naveran Wines.

46.     Defendant's production, import, marketing, and sale of the Naveran Wines and the trade dress embodied therein creates a likelihood of confusion, mistake, or deception as to the source, origin, or sponsorship of Defendant's wines.  The trade dress of the Naveran Wines is likely to induce consumers to believe, contrary to fact, that Defendant's wines are produced, sponsored, sold, approved by, or connected with Coppola.

47.     Defendant's production, marketing, and sale of the trade dress embodied in the Naveran Wines are without Plaintiffs' consent or authority and commenced after the date of Plaintiffs' first use of their distinctive Sofia Trade Dress.  Defendant has committed its infringement with full knowledge of Plaintiffs' rights in its Sofia Trade Dress.  Moreover, Defendant has willfully, deliberately, and maliciously engaged in the described acts with intent to injure Plaintiffs and to deceive the public.

48.     Defendant's acts alleged herein have been and are being committed with the intent and purpose of appropriating and trading upon the goodwill and reputation associated with

Plaintiffs and the Sofia Trade Dress and have damaged and impaired that part of Plaintiffs' goodwill symbolized by the Sofia Trade Dress, to Plaintiffs' immediate and irreparable harm.

49. Defendant's unauthorized production, marketing and sale of its Naveran Wines, which bear trade dress confusingly similar to the Sofia Trade Dress, constitute trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

50. This case constitutes an exceptional case under 15 U.S.C. § 1117(a).

51. Defendant's wrongful conduct has caused damage to Plaintiffs' business reputation and goodwill, and unless restrained and enjoined, will continue to seriously and irreparably impair the value of the Sofia Trade Dress for which there is no adequate remedy at law.

52. Plaintiffs are entitled to injunctive relief prohibiting Defendant from using the trade dress currently embodied in the Naveran Wines and embodied in the redesigned label images sent by Naveran to Coppola on March 3, 2010, pursuant to 15 U.S.C. § 1116.

53. As a direct and proximate result of Defendant's trade dress infringement, Plaintiffs have been damaged in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF

#### Federal False Designation of Origin under 15 U.S.C. § 1125(a)

54. Plaintiffs repeat and reallege paragraphs 1-53 of this complaint as if fully set forth herein.

55. Defendant's acts alleged herein constitute use in commerce of words, terms, names, symbols, devices, false designations of origin and false or misleading descriptions of fact which are likely to cause confusion or to cause mistake as to the origin, sponsorship or approval of Defendant's goods with those of Plaintiffs in violation of 15 U.S.C. § 1125(a).

56. Defendant's acts alleged herein constitute use in commercial advertising and promotion, the words, terms, names, symbols, devices, false designations of origin and false or misleading descriptions of fact which misrepresents the nature, characteristics or qualities of its goods and services in violation of 15 U.S.C. § 1125(a).

57. Defendant's acts alleged herein are without Plaintiffs' consent or authority.

58. Defendant's acts alleged herein were with full knowledge of Plaintiffs' rights, title and interest in the Sofia Marks and Trade Dress, and were made with the willful intent to trade on the goodwill associated with those marks and trade dress and to cause confusion, mistake or deception in the minds of the consuming public. Such acts have damaged and impaired that part of Plaintiffs' goodwill, symbolized by its famous Sofia Marks and Trade Dress, to Plaintiffs' detriment.

59. Defendant's use of the Naveran Wines labels, which labels are confusingly similar to the Sofia Marks and Trade Dress, constitutes a false designation of origin and false advertising in violation of 15 U.S.C. §§ 1125(a).

60. Defendant's wrongful conduct, unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to Plaintiffs.

61. Plaintiffs have no adequate remedy at law, and are entitled to injunctive relief prohibiting Defendant from using the Naveran Wines Labels and Trade Dress, or any other marks or trade dress confusingly similar to the Sofia Marks and Trade Dress in connection with Naveran's wines.

62. As a direct and proximate result of Defendant's trademark and trade dress infringement, Plaintiffs have been damaged in an amount to be proven at trial.

63. The acts alleged herein constitute an exceptional case under 15 U.S.C. § 1117(a).

## FOURTH CLAIM FOR RELIEF

## Copyright Infringement

64. Plaintiffs repeat and reallege paragraphs 1-63 of this complaint as if fully set forth herein.

65. Plaintiffs have registered and maintained a valid copyright for the Sofia Blanc de Blancs Label at issue in this action, which copyright extends to protect the artwork also featured in the Sofia Rosé and Sofia Riesling Labels at issue in this action.

66. By virtue of Defendant's wrongful conduct alleged above, Defendant has infringed and will continue to infringe Plaintiffs' copyright in the Sofia Blanc de Blancs Label.

67. Defendant's copyright infringement has been willful or knowing.

68. As a result of Defendant's acts of infringement, Plaintiffs have sustained injury, loss, and damage.

69. No amount of monetary damages can adequately compensate Plaintiffs for the continuing injury to their reputation and goodwill. Plaintiffs are entitled to an injunction restraining Defendant, its officers, agents, and employees, and all persons acting in concert with it, from engaging in further such acts in violation of the copyright laws.

70. Plaintiffs are further entitled to recover from Defendant the damages they have sustained and will sustain as a result of Defendant's wrongful acts as alleged above.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1. For a judgment that Defendant have infringed Plaintiffs' exclusive rights in the Sofia Marks and in the Sofia Trade Dress;

2. For a judgment that Defendant have infringed Plaintiffs' copyright in the Sofia Blanc de Blancs Label;

3. For an order requiring Defendant to show cause why they should not be enjoined from further such infringement as set forth in this complaint, during the pendency of this action;

4. For a preliminary injunction and permanent injunction pursuant to 15 U.S.C. § 1116 and 17 U.S.C. § 502(a) enjoining Defendant, its officers, affiliate companies, agents, servants, employees, successors, licensees, and assigns, and all others in concert and privity with it from directly or indirectly infringing Plaintiffs' rights in the Sofia Marks or Sofia Trade Dress or Plaintiffs' copyright in the Sofia Blanc de Blancs Label;

5. For an order requiring Defendant to file with the Court and to serve on Plaintiffs, within 30 days after service of the Court's order as herein prayed, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the Court's order.

6. For general and special damages in an amount according to proof at trial, but in the minimum amount of $150,000;

7. For statutory damages pursuant to 17 U.S.C. §§ 101 et seq., 17 U.S.C. § 1203, and 15 U.S.C. § 1117;

8. For an accounting of all gains, profits and benefits derived from Defendant's acts of infringement;

9. That all gains, profits and advantages derived by Defendant from its acts of infringement be deemed to be in constructive trust for the benefit of Plaintiffs;

10. That the damages awarded for Defendant's infringements be trebled;

11. For Plaintiffs' attorneys' fees incurred herein under 17 U.S.C. § 505, 17 U.S.C. § 1203, and 15 U.S.C. § 1117;

12. For costs of suit incurred herein; and

13. For such other and further relief as the court may deem just and proper.

## DESIGNATION OF LEAD AND LOCAL COUNSEL

1. Plaintiffs' lead counsel and attorney-in-charge in this action is Mark S. Lee of the law firm of Manatt, Phelps & Phillips LLP. Plaintiffs are also represented by Susan E. Hollander and Judith M. Schvimmer of the law firm of Manatt, Phelps & Phillips LLP. The foregoing counsel will apply for admission *pro hac vice* before the United States District Court for the Western District of Texas promptly after this case is filed.

2. Plaintiffs' local counsel in this action is Oscar L. De la Rosa of the law firm of De la Rosa & Chaumette. Mr. De la Rosa is admitted to practice and is in good standing in the United States District Court for the Western District of Texas. Mr. De la Rosa is the attorney filing this pleading.

Respectfully submitted,

**MANATT, PHELPS & PHILLIPS, LLP**

/s/  Mark S. Lee

_____
Mark S. Lee
California State Bar No. 94103
11355 W. Olympic Blvd.
Los Angeles, CA 90064
(310) 312-4000
(310) 312-4224 facsímile
mlee@manatt.com

*Lead Counsel and Attorney-in-Charge for Plaintiffs*

**DE LA ROSA & CHAUMETTE**

/s/ Oscar L. De la Rosa

_____
Oscar L. De la Rosa
Fed. ID No. 19905
Texas State Bar No. 00787351
1330 Post Oak Blvd., Suite 2250
Houston, Texas 77056
(713) 395-0991
(713) 395-0995 facsimile
odelarosa@delchaum.com

*Local Counsel for Plaintiffs*

OF COUNSEL:

MANATT, PHELPS & PHILLIPS LLP

Susan E. Hollander
California State Bar No. 133473
shollander@manatt.com
Judith M. Schvimmer
California State Bar No. 230285
jschvimmer@manatt.com
One Embarcadero Center, 30th Floor
San Francisco, CA 94109
(415) 291-7400
(415) 291-7474 facsimile

16